IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **FREDERICK BANKS,** | : | CIVIL ACTION NO. 1:21-CV-708 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **WARDEN M. THOMPSON,** | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Frederick Banks ("Banks"), an inmate confined at the United States Penitentiary, Allenwood, in White Deer, Pennsylvania. The sole named respondent is M. Thompson, the Warden of the Federal Correctional Institution, Allenwood Low ("FCI-Allenwood Low"). Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the court will dismiss the petition.

### I. Background

Banks asserts that respondent, the Trust Fund Department at FCI-Allenwood Low, and "others" failed to deliver and send his emails on April 10, 2021 and April 11, 2021. (Doc. 1 at 1). He further asserts that respondent discriminated against him based on his status as an American Indian. (Id.) For relief, Banks

---

[1] Rule 4 provides, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. GOVERNING § 2254 CASES R.4. See also R. GOVERNING § 2254 CASES R. 1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court).

seeks an order directing respondent to deliver and send his emails, he requests sanctions against respondent, and he moves for an order enjoining respondent from engaging in further illegal conduct. (Id. at 1-2).

## II.     Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 HARV. L. REV. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993). Additionally, when an inmate's challenge is to "a condition of confinement such that a finding in [the inmate's] favor would not alter

his sentence or undo his conviction," a petition for writ of habeas corpus is inappropriate.  Leamer, 288 F.3d at 542.

In the instant habeas petition, Banks is not challenging the duration or propriety of his sentence.  Instead, he asserts that respondent, along with "others" at FCI-Allenwood Low, failed to deliver and send his emails, and discriminated against him based on his national origin as an American Indian.  The proper means of seeking redress for these actions is to file a civil suit for violation of constitutional rights, following exhaustion of administrative appeals.  Moreover, Banks' request for injunctive relief and sanctions would neither alter his sentence nor undo his conviction.  Banks' claims do not appropriately lie in habeas and the instant habeas petition will be dismissed.

### III.  Conclusion

The court will dismiss the habeas petition without prejudice to any right Banks may have to reassert his present claims in an appropriate civil rights action.[2]  A separate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     April 21, 2021

---

[2] In this regard, the court expresses no opinion as to the merits, if any, of any civil rights claims Banks may file based upon the facts asserted herein.